UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EBONY P. LITTLE,

        Plaintiff,

   v.                          Civil Action 2:19-cv-5419
                                     Judge Michael H. Watson
MIDLAND CREDIT MANAGEMENT,      Magistrate Judge Chelsey M. Vascura
INC.,

        Defendant.

## <u>OPINION AND ORDER</u>

This matter is before the Court for consideration of Defendant's Motion to Stay Discovery (ECF No. 13) pending the Court's ruling on Defendant's Motion to Compel Arbitration or, in the Alternative, Strike Class Allegations (ECF No. 8); Plaintiff's Opposition to Defendant's Motion to Stay (ECF No. 18); and Defendant's Reply (ECF No. 20).  For the reasons that follow, the Court **GRANTS** Defendant's Motion to Stay Discovery (ECF No. 13).

## I.

Plaintiff filed a Complaint on behalf of herself and a proposed class on December 12, 2019.  (ECF No. 1.)  Therein, she alleged that Defendant violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*., when it sent a debt collection letter Plaintiff alleges to be "ambiguous" and "misleading."  (*Id*. at ⁋ 8.)  In its Answer, Defendant asserted, *inter alia*, the following affirmative defense: "Plaintiff's Complaint is precluded or limited by the existence of an arbitration provision or class action waiver agreement."  (Def.'s Answer 8, ECF No. 4.)  The parties noted in their joint Rule 26(f) Report, filed on April 8, 2020, that "Defendant [ ] contends

the claims are impacted by an arbitration clause and class action waiver provision contained in the underlying credit card agreement.  Thus, Defendant intends to prepare and file a motion to compel arbitration or, alternatively, strike the class allegations."  (Rule 26(f) Report 3, ECF No. 6.)  Nonetheless, the parties further agreed that "all fact discovery shall be completed by 11/23/2020" and that "[a]ny dispositive motions shall be filed by 1/31/2021."  (*Id.*)

The promised Motion to Compel Arbitration was filed on June 19, 2020.  (ECF No. 8.) Plaintiff filed her Response in Opposition to Defendant's Motion to Compel Arbitration (ECF No. 14) on July 24, 2020, and Defendant filed its Reply (ECF No. 21) on August 7, 2020.  If Defendant succeeds on the Motion to Compel Arbitration, Plaintiff would be required to pursue her claims on an individual basis (and not as a class action) in an arbitration forum (and not in Federal Court), if at all.  (*See* Def.'s Mot. to Compel Arbitration 1, ECF No. 8.)

On July 9, 2020, before Plaintiff filed her Response to the Motion to Compel Arbitration, Defendant filed the instant Motion to Stay Discovery.  (ECF No. 13.)  Therein, Defendant argues that the Court should stay discovery during the pendency of the Motion to Compel Arbitration because the burden of discovery during such period outweighs any benefits that could follow. (Def.'s Mot. to Stay Disc. 1, ECF No. 13.)  As to the burden of proceeding with discovery, Defendant asserts that any arbitration forum will have its own discovery rules and procedures, and that discovery for purposes of that arbitration will be limited to material pertaining to Plaintiff's *individual* claim.  (*Id*. at 5; Def.'s Reply 3–4, ECF No. 20.)  Defendant further argues that discovery will not affect the legal determinations required to rule on the Motion to Compel Arbitration, and so will be of little benefit at the current stage of the dispute.  (Def.'s Mot. to Stay Disc. 4, ECF No. 13; Def.'s Reply 4, ECF No. 20.)  Finally, Defendant asserts that Plaintiff will not be harmed by a temporary stay of discovery because she "will still have every

opportunity to pursue robust discovery after the [Motion to Compel Arbitration] has been decided." (Def.'s Mot. to Stay Disc. 5, ECF No. 13; Def.'s Reply 5, ECF No. 20.)

In her Memorandum in Opposition, filed July 30, 2020, Plaintiff makes several arguments against staying discovery. (Pl.'s Mem. in Opp'n, ECF No. 18.) First, Plaintiff argues that that a stay is unnecessary, because "[a]ny discovery conducted in this case will also be used in arbitration" if Defendant's Motion to Compel Arbitration is granted and, if not, then "discovery will still be needed in this litigation." (*Id*. at 4.) Plaintiff further disputes that engaging in discovery would constitute "a particularly heavy burden" for Defendant. (*Id*.) Finally, Plaintiff argues that she will be harmed by unnecessary delay if discovery is stayed, that Defendant will not suffer harm if discovery is *not* stayed, and that a stay of discovery does not promote judicial economy. (*Id*. at 5–6.)

## II.

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-cv-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not

3

have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1 (citing *Ohio Bell Tel. Co., Inc. v. Glob. NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-cv-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted). However, if the dispositive motion "raises an issue . . . which would be substantially vitiated absent a stay," the stay may appropriately be granted. *Ohio Bell Tel. Co., Inc.*, 2008 WL 641252, at *1.

### III.

The Court finds good cause for granting a temporary stay of discovery pending resolution of Defendant's Motion to Compel Arbitration. In particular, the Court is persuaded that the potential burdens Defendant has identified outweigh any hardship to Plaintiff should discovery be stayed. This Court has previously observed:

> Courts recognize a strong presumption in favor of arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 396 (6th Cir. 2014). Should [the d]efendant prevail in compelling arbitration, it will be protected from the expense of litigation in this

Court.  "The arbitrability of a dispute similarly gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court and bear the associated burdens." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).  The burden of litigation includes not just time and financial resources, but also the possible disclosure of sensitive information.

> [A]llowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information that could have a bearing on the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.

*Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 265 (4th Cir. 2011).  This is particularly true when . . . the federal rules would compel discovery otherwise not permitted by the discovery rules in arbitration.

*Hubbell v. NCR Corp.*, No. 2:17-cv-807, 2018 WL 1638882, at *1–2 (S.D. Ohio Apr. 5, 2018).

*See also Danley v. Encore Capital Grp., Inc.*, No. 15-11535, 2016 WL 8115421, at *2 (E.D. Mich. Apr. 20, 2016) (staying discovery pending resolution of a motion to compel arbitration on the basis that the "benefit of this discovery will outweigh its burden only if defendants' motion to compel arbitration is denied").

In addition, as Defendant points out, should discovery proceed and its Motion to Compel Arbitration be granted, it would suffer harm in having to unnecessarily incur the time and expense of producing discovery pertaining to an impermissible class, as well as discovery of potentially sensitive information that may not be required in arbitration.[1]  Further, the Court can discern little prejudice to Plaintiff arising from such a temporary stay—although her desire for expediency is well-understood, this case is in its relevant infancy and both parties concede that

---

[1] Although the parties do not agree on the extent to which discovery already propounded pertains to class allegations—*compare* Pl.'s Mem. in Opp'n 4, ECF No. 18 ("The only discovery related to Plaintiff's class claims needed by Plaintiff are the class numbers. . .") *with* Def.'s Reply, 4, ECF No. 20 ("A significant portion of the discovery Plaintiff has attempted to pursue relates exclusively to class-wide issues.")—it is unnecessary to resolve this disagreement because it would not alter the Court's determination that a temporary stay is appropriate.

discovery will be necessary and available *regardless* of the outcome of the Motion to Compel Arbitration. (*See* Def.'s Mot. to Stay Disc. 5, ECF No. 13; Pl.'s Mem. in Opp'n 4, ECF No. 18.) The Court therefore sees little downside to waiting on a decision that will confirm the proper scope and rules applicable to such discovery. Because the burden discovery would place on Defendant at this juncture outweighs any hardship to Plaintiff resulting from a temporary stay of discovery, a temporary stay of discovery is warranted.

## IV.

For the foregoing reasons, Defendant's Motion to Stay Discovery (ECF No. 13) is **GRANTED**. Discovery is therefore **STAYED** pending the Court's resolution of Defendant's Motion to Compel Arbitration or, in the Alternative, Strike Class Allegations (ECF No. 8). If appropriate, **WITHIN FOURTEEN DAYS** of the Court's resolution of Defendant's Motion to Compel Arbitration or, in the Alternative, Strike Class Allegations (ECF No. 8), the parties are **ORDERED** to confer and file a joint proposed case schedule.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE